IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM M. TEZAK, | No. 2:22-CV-02219-TLN-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| ROBERT WILBURN, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Because Plaintiff has been granted leave to proceed in forma pauperis, the Court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

**I. PLAINTIFF'S ALLEGATIONS**

Plaintiff names the following as Defendants (1) Robert Wilburn, California Highway Patrol Officer, (2) Ian Troxell, California Highway Patrol Captain, (3) Terra Lynne Avilla, City of Susanville Police Officer, (4) Brian T. Phillips, d.b.a. Susanville Towing, (5) Amanda Ray, Commissioner to California Highway Patrol, (6) Greg Baarts, Chief of California Highway Patrol, (7) California Highway Patrol, Northern Division, (8) California Highway Patrol, Field Area No. 135, (9) California Highway Patrol, Field Area No. 140, (10) City of Susanville, (11) Susanville Police Department, and (12) Does 1 through 20. See ECF No. 1, pgs. 2-4, 8-9.  Defendants are named in their individual and/or official capacities.  See id.

Plaintiff filed a twenty-two page document, which contains the complaint for violation of civil rights form ("form complaint"), but also attached a "Verified Civil Rights Complaint for Equitable Relief, Damages, and Criminal Misconduct," entitled "ATTACHMENT TO DISTRICT COURT FORM COMPLAINT FOR CIVIL CASE" ("verified complaint").  See, generally, ECF No. 1. In the form complaint, Plaintiff claims violations of his Fourth and Fourteenth Amendment rights and "other violations," but in the verified complaint, Plaintiff lists a panoply of constitutional and statutory rights purportedly violated.  See id., pgs. 4, 10-11.

The verified complaint includes a Table of Contents referencing 141 pages to the complaint but only twenty-two pages were filed—five of which constitute the Table of Contents. See id., pgs. 12-16.  In the verified complaint, Plaintiff provides the Court with the nature of the action, a description of the property purportedly seized, the pro-se liberal standard, the legal standard for municipal liability, and his verification.  See id., pgs. 17-22.  However, there are no facts substantiating any allegations of constitutional or statutory violations in the verified complaint. See id.  The sole factual statement is in the form complaint and states, "Petitioner['s] personal property was illegally seized and unlawfully impounded for 30-days and then sold" and "see attached complaint for details."  Id., pg. 5.

Plaintiff asserts that his property was "stolen" and then sold resulting in "unjust enrichment and loss of use" and seeks compensation and/or replacement of the property taken and damages for loss of use.  Id., pg. 6.

## II. DISCUSSION

In considering whether a complaint states a claim, the Court must accept all allegations of material fact in the complaint as true and construe the alleged facts in the light most favorable to the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). While pro se pleadings are held to a less stringent standard than those drafted by lawyers, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). However, a complaint must contain more than "a formulaic recitation of the elements of a cause of action"; to survive dismissal, it must contain factual allegations sufficient "to raise a right to relief above the speculative level" and "enough facts to state a claim to relief that is plausible on its face." Id. at 555-56, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). The mere possibility of misconduct will not suffice to meet this standard. See id. at 679.

Given the odd pagination and fragmented complaint, the Court presumes there was a filing error. Nonetheless, the Court finds Plaintiff's complaint deficient under Rule 8(a). Plaintiff fails to plead facts sufficient to allow the Court to draw reasonable inferences that each named Defendant is liable for the alleged wrongdoing and that Plaintiff is entitled to relief beyond mere speculation. The complaint also fails to contain sufficiently specific facts to put the named

Defendants on notice of the nature of Plaintiff's claims against them.  Because Plaintiff's complaint is not supported by factual allegations, it must be dismissed.  Plaintiff will be given an opportunity to amend.

### III.  CONCLUSION

Because it is possible the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of this order.

Dated:  April 11, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE