IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM M. TEZAK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT WILBURN, et al.,<br><br>　　　　　Defendants. | No. 2:22-cv-02219-TLN-DMC<br><br><br>ORDER |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's first amended complaint, ECF No. 5.

The Court is required to screen complaints brought by litigants who, as here, have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

///

///

# I. BACKGROUND

## A. Procedural History

Plaintiff filed the original complaint, ECF No. 1, on December 14, 2022. The Court screened that complaint and concluded the complaint was deficient under Rule 8(a) because it failed plead specific facts to put the Defendants on notice of the claims against them. See ECF No. 4, pg. 3. Thus, the Court dismissed the original complaint and provided Plaintiff leave to amend. See id. Plaintiff filed a first amended complaint on May 11, 2023. See ECF No. 5.

## B. Plaintiff's Allegations

In his first amended complaint, Plaintiff names the following as Defendants: (1) Robert Wilburn, California Highway Patrol Officer; (2) Ian Troxell, California Highway Patrol (CHP) Captain; (3) Terra Lynne Avilla, City of Susanville Police Officer; (4) Brian T. Phillips, d.b.a. Susanville Towing; (5) Amanda Ray, Commissioner to CHP; (6) Greg Baarts, Chief of CHP; (7) CHP, Northern Division; (8) CHP, Field Area No. 135; (9) CHP, Field Area No. 140; (10) City of Susanville; (11) Susanville Police Department; and (12) Does 1 through 20. See ECF No. 5 at 2-4 and 8-9. Plaintiff alleges the case arises from state local law enforcement's criminal trespass on Plaintiff's property that resulted in defendants conducting an illegal, warrantless search and seizure of Plaintiff's personal property. See id. at 18.

The operative complaint is 163 pages long. Under a "Substantive Allegations" section, Plaintiff asserts he is "aware" of various Constitutional and California statute protections. Id. at pgs. 37-41. Even after reciting the law in that section, a majority of the complaint is either another recitation of existing law or legally conclusory allegations that contain no factual allegations. Plaintiff repeatedly states: "Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein." Id. at pgs. 59; 61; 70; and 154.

///
///
///
///

Additionally, Plaintiff begins a number of his claims for relief with:

> as a separate and distinct claim for relief, Plaintiff complains and realleges all of the allegations including subparts of this complaint contained in this complaint, and incorporates them by reference into this claim for relief as though fully set forth herein, excepting those allegations which are inconsistent with this claim for relief

Id. at 65; 68; 73; 74; 75; 77-78; 80; 83; 88; 91; 93; 96; 98-99; 103; 106; 108; 110; 112; 114; 117; 120; 122; 125; 128; 129; 130; 132; 134; 137; 141; 142; 144; 147; 148; 152; and 154.

Initially, Plaintiff alleges claims pursuant to 42 U.S.C. section 1983 and 1988 to redress alleged violations of Plaintiff's First, Fourth, Fifth, and Fourteenth Amendment rights. See id. at 18. While the complaint does contain some factual allegations underlying those claims, at times the complaint contradicts itself. For example, Plaintiff alleges that a search of his property occurred at 803 Main Street in Susanville, California, then states the search occurred at 44B South Gay Street, Susanville, CA 96130. See id. at pgs. 28 and 44. Additionally, Plaintiff states that he was unlawfully stopped when Plaintiff travelled northbound on the highway, then states he was travelling southbound. See id. at pgs. 49-50 and 54.

The complaint also contains irrelevant allegations such as a probate matter against new defendants, pgs. 65-68 and pgs. 73-77; an allegation of animal abuse and taking of livestock, pg. 76; an allegation of negligence related to upkeep, design, and construction of roofs, ceiling fixtures, sky lights, and sprinkler systems, pgs. 148-152; a negligence claim related to janitorial upkeep, pgs. 152-153; and a claim that CHP Officer Wilburn violated Nevada building codes, pgs. 154-156. See id.

## II. DISCUSSION

The Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff

1 must allege with at least some degree of particularity overt acts by specific defendants which
2 support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it
3 is impossible for the court to conduct the screening required by law when the allegations are
4 vague and conclusory.

5 The Court finds that, just as with the original complaint, Plaintiff's first amended
6 complaint fails to give Defendants sufficient notice of the claims against them. As discussed
7 above, Rule 8 requires a complaint contain a short and plain statement of the claim.  Plaintiff's
8 complaint is 163 pages long, almost every claim "incorporates by reference" the allegations from
9 prior claims, and relevant facts are at times contradicted pages later and muddled with irrelevant
10 allegations, some of which occur outside this jurisdiction, and recitations of the law. This
11 pleading method does not satisfy the requirement of Rule 8(a) that claims must be stated simply,
12 concisely, and directly.  The complaint will be dismissed with leave to amend.

13

### III.  CONCLUSION

15 Because it is possible that the deficiencies identified in this order may be cured by
16 amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire
17 action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).
18 If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the
19 conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See
20 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
21 each named defendant is involved and must set forth some affirmative link or connection between
22 each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167
23 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1         Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

        Accordingly, IT IS HEREBY ORDERED that:

      1.     Plaintiff's complaint, ECF No. 5, is dismissed with leave to amend; and

      2.     Plaintiff shall file a second amended complaint within 30 days of the date of this order.

Dated: April 11, 2025

                                   DENNIS M. COTA
                                   UNITED STATES MAGISTRATE JUDGE