1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    WILLIAM M. TEZAK,                          No.  2:22-CV-02219-TLN-DMC

12                   Plaintiff,

13          v.                                    <u>ORDER</u>

14    ROBERT WILBURN, et al.,

15                   Defendants.

16

17          Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the

18    Court is Plaintiff's second amended complaint, ECF No. 10.

19          The Court is required to screen complaints brought by litigants who, as here, have

20    been granted leave to proceed in forma pauperis.  <u>See</u> 28 U.S.C. § 1915(e)(2).  Under this

21    screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(A), (B).

24    Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an

25    action if the Court determines that it lacks subject matter jurisdiction.  Pursuant to Rule 12(h)(3),

26    the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

27    / / /

28    / / /

                                                  1

**I. BACKGROUND**

A.    **Procedural History**

Plaintiff filed the original complaint, ECF No. 1, on December 14, 2022. The Court screened that complaint and concluded the complaint was deficient under Rule 8(a) because it failed plead specific facts to put the Defendants on notice of the claims against them. See ECF No. 4, pg. 3. Thus, the Court dismissed the original complaint and provided Plaintiff leave to amend. See id. Plaintiff filed a first amended complaint on May 11, 2023. See ECF No. 5. The Court found that the first amended complaint was similarly deficient. See ECF No. 6, pg. 4. Plaintiff filed the second amended complaint on June 18, 2025. See ECF No. 10. Plaintiff additionally filed a motion to file electronically.  See ECF No. 9.

B.    **Plaintiff's Allegations**

In his second amended complaint, Plaintiff names the following as Defendants: (1) Robert Wilburn, California Highway Patrol Officer; (2) Ian Troxell, California Highway Patrol (CHP) Captain; (3) Terra Lynne Avilla, City of Susanville Police Officer; (4) Brian T. Phillips, d.b.a. Susanville Towing; (5) Amanda Ray, Commissioner to CHP; (6) Greg Baarts, Chief of CHP; (7) CHP, Northern Division; (8) CHP, Field Area No. 135[1]; (9) CHP, Field Area No. 140[2]; (10) City of Susanville; (11) Susanville Police Department; and (12) Does 1 through 20.  See ECF No. 10, pgs. 2-9.

Plaintiff asserts five federal claims, which includes eight separate counts within Claim One, as follows:

|  |  |
|---|---|
| Claim One | Civil Rights Claim Declaratory Judgment under 28 U.S.C. . §§2201-2202 |
| Count 1 | Crime of moral turpitude |
| Count 2 | Crime of Conspiracy against rights under 18 USC §241 |
| Count 3 | Crime of deprivation of rights under 18 USC §242 |
| Count 4 | Grand theft auto by larceny; California Penal Code § 487 |

---

[1]    CHP Redding Area Office is number 135, therefore this Court assumes Plaintiff asserts claims against CHP Redding Area Office when referring to Area 135. See https://www.chp.ca.gov/find-an-office/northern-division/135-redding/.

[2]    CHP Susanville Area Office is number 140, therefore this Court assumes Plaintiff asserts claims against the CHP Susanville Area Office when referring to Area 140. See https://www.chp.ca.gov/find-an-office/northern-division/140-susanville/.

| | |
|---|---|
| Count 5 | Crime of trespass; California Penal Code §602 |
| Count 6 | Crime of attempted extortion; California Penal Code §518 |
| Count 7 | Crime of extortion; California Penal Code §524 |
| Count 8 | Crime of aiding and abetting; California Penal Code §31 |
| Claim Two | Civil Rights Claim preliminary and permanent injunctive relief 42 USC Sections 1983-1986 |
| Claim Three | 42 U.S.C. § 1983 4th amendment violation unreasonable search and seizure |
| Claim Four | 42 U.S.C. 1983 14th amendment violation Conspiracy to deprive plaintiff of property without due process |
| Claim Five | 42 U.S.C. § 1983 Section 1983 14th amendment violation negligent supervisory hiring supervision and retention |

ECF No. 10, pgs. 10-11.

Plaintiff additionally asserts sixteen pendent state claims, as follows:

| | |
|---|---|
| Claim One | Civil Rights Claim; California Constitution Article I § 1 (Privacy) |
| Claim Two | Civil Rights Claim; California Constitution Article I § 1 (invasion of privacy per se) |
| Claim Three | Civil Rights Claim; California Constitution Article I § 13 (unreasonable search and seizure) |
| Claim Four | California Constitution Article I § 13 (failure to properly train) |
| Claim Five | Civil Rights Claim; California Constitution Article I § 13 (failure to screen & hire) |
| Claim Six | Civil Rights Claim; BANE Civil Rights Act (Cal. Civil Code § 51.1) |
| Claim Seven | Civil Rights Claim; Ralph Civil Rights Act (Cal. Civil Code § 51.7 |
| Claim Eight | Civil Rights Claim; California Constitution Article I § 13 (Negligent Hiring, Supervision & Retention) |
| Claim Nine | Tort Claim' Trespass to Real Property |
| Claim Ten | Tort Claim; Trespass to Chattel |
| Claim Eleven | Tort Claim: Unlawful Conversion of Plaintiff's Property |
| Claim Twelve | Tort Claim: Negligence |
| Claim Thirteen | Tort Claim: Attempted Civil Extortion (Cal. Penal Code § 518) |

3

<table>
<tr><td>Claim Fourteen</td><td>Tort Claim: Civil Extortion (Cal. Penal Code § 524)</td></tr>
<tr><td>Claim Fifteen</td><td>Tort Claim: Conspiracy to Commit Civil Extortion (Cal. Penal Code § 518)</td></tr>
<tr><td>Claim Sixteen</td><td>Tort Claim: Aiding and Abetting Civil Extortion (Cal. Penal Code § 518)</td></tr>
</table>

Id. at 11-12

Plaintiff begins the complaint with a lengthy background, description of Plaintiff's property at issue, recitation of the law, and general allegations. See ECF No. 10, pgs. 19-62. Plaintiff then describes each federal claim which consists of incorporating the previous sections by reference, conclusory allegations, and some facts to support the claims. See id. at 62-130.

Plaintiff asserts that on December 15, 2020, Plaintiff was at his home at 44B South Gay Street in Susanville when Defendant Wilburn "initiated a raid at PLAINTIFF'S premises, as apparently on a hunch that he could find some sort of criminal liability botched the raid by not finding any criminal activity and decided to seize Plaintiff's property in retaliation for Plaintiff exercising his rights to challenge a criminal trespass." Id. at 54. Plaintiff believes that Defendant Wilburn's "hunch" was related to "profiling another person on the premises in a scheme of policing for profit on illegal impounds." Id. According to Plaintiff, he

> asserted his constitutional rights at the time of the raid on his property with the matter then escalated to the point that PLAINTIFF was placed in fear of loss of his life or liberty by this Rogue Officer WILBURN under creditable threats of violence toward PLAINTIFF TEZAK and then several City of Susanville police officer, Lassen County sheriff deputies were call (sic) to the scene with intent to arrest PLAINTIFF for absolutely nothing.

Id.

Additionally, Plaintiff asserts that Defendant Wilburn "pulled his firearm on a shop helper," which "coerc[ed] and forc[ed]" Plaintiff to leave his building, in violation of the Bane Act. Id. at 55. Plaintiff contends that Defendant Avilla "placed Plaintiff under threat of vandalism of this vehicles and arrest for an obstruction of police Officer's duties . . . if [Plaintiff] did not turn over his keys to the vehicles for the unlawful impound." Id. at 56. Plaintiff asserts that Defendants Wilburn and Avilla "conducted a warrantless illegal search of PLAINTIFF's

4

building and vehicles and then seized [Plaintiff's property] and then demanded PLAINTIFF's [sic] show his driver's, license, registration and proof of insurance, and Defendant[3] complied with the demand due to this rogue Officer's demeanor and propensity to kill someone, after banishing his firearm." Id. at 57-58.

Plaintiff contends that Defendant Wilburn and Avilla seized Plaintiff's "1996 Suburban, 2016 Hallmark utility trailer and shop equipment, materials, parts & tools." Id. at 19. Plaintiff asserts that it is "wide spread known" that individuals "similarly situated within Lassen County" have also suffered from unlawful impounding of vehicles. Id. at 20. Plaintiff contends this is done in an effort to "extort money of vehicle owners for the Tow companies unjust enrichment in a racketeering scheme." Id. According to Plaintiff, Defendants Wilburn and Avilla "had the car towed away by an employee of BRIAN T. PHILLIPS" without justification. Id. at 48. Plaintiff asserts that the next day, December 16, 2020, Plaintiff spoke with Defendant Troxell to get his car released and Defendant told him he was required to pay all fees and could request an impound hearing if he wanted to challenge such impound. See id. at 49. Plaintiff contends that at the impound hearing on October 30, 2019, Defendant Braaksma "again refused to release Plaintiff's vehicle." Id. Following the hearing, "Plaintiff made a written request to CHP Captain TROXELL, for the release of his vehicle." Id. at 49-50.

Plaintiff alleges that "Defendant, City of Susanville Police Department failed to intervene and prevent any other law enforcement agency from abusing a citizen's rights and in fact willfully did aid and abet" the "grand theft by larceny in the civil asset seizure." Id. at 41-42. According to Plaintiff, CHP Impound Policy "provides no mechanism for judicial review of a 30-day impound and no constitutionally adequate administrative hearing mechanism to challenge the lawfulness of the 30-day impounds." Id. at 47.

Plaintiff contends that he "never received any inventory report and/or CHP 180 form completed on his property after impound, nor from SPD or the Two company upon demand." Id. at 127. Further, Plaintiff asserts that Defendants City of Susanville and Susanville

---

[3] Though Plaintiff wrote Defendant here, it appears he is speaking about himself and therefore, it should say Plaintiff.

1  Police Department were "deliberately indifferent to the widespread misconduct on the part of

2  Susanville police officers in detaining citizens who had committed to crimes but fail to adhere to

3  [impound policy] and the community caretaker function to impound without any 'probable cause'

4  for such takings." <u>Id.</u> at 128.

5     According to Plaintiff, on May 7, 2018, Defendant Doe No. 1 denied Plaintiff's

6  due process rights in a court proceeding at Lassen County Superior Court. <u>Id.</u> at 97-98. Plaintiff

7  contends these actions violated his Fourth, Fifth, and Fourteenth Amendment rights, as well as

8  rights secured by the California Constitution. <u>See id.</u> at 99. Plaintiff asserts he was not provided

9  an "opportunity to be heard with regards to a Motion to Quash and Judicial Notice of Court for an

10  order." <u>Id.</u> at 98. Plaintiff states that:

11    DEFENDANT DOE No. 1 had a mandatory duty to abide by the Superior court's
  preliminary injunction order in related O.C.S.C. case (no. 30-2015-00782798) and

12    dismiss the underlying unlawful Traffic citation action against DEFENDANT
  WILBURN for failure to state a cause of action based on a void sale and a fraud

13    being perpetuated upon the court by DEFENDANT WILBURN for violation of
  the injunction.

14
  <u>Id.</u>

15

16     Next, Plaintiff contends that "DEFENDANTs DOE No. 1 and WILBURN while

17  presiding in the underling unlawful Traffic Enforcement action have intentionally ignored the

18  PLAINTIFF's pretextual traffic stop, detention and seizure and defacto access by issuance of the

19  Notice to appear citation." <u>Id.</u> at 113. Further, Plaintiff asserts that Defendants Doe No. 1 and

20  Wilburn "depriv[ed] PLAINTIFF of his opportunity to be heard on his Writ petition, supporting

21  documents and evidence before the court." <u>Id.</u> at 114.

22

23           **II.  DISCUSSION**

24    A.  <u>**Defective Claims where Deficiencies are Uncurable**</u>

25     Plaintiff asserts a number of claims that are not actionable, and the claims'

26  deficiencies are not curable because the cited authority does not provide a private cause of action.

27  Accordingly, Plaintiff is not entitled leave to amend as to these claims.

28  / / /

1                    1.        Claims Alleging Violation of Criminal Statutes

2                    To the extent Plaintiff seeks to hold Defendants liable for alleged criminal acts,

3    Plaintiff is advised no private right of action to assert violations of criminal statutes exists. See

4    Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding specific criminal provisions in

5    the United States Code "provide no basis for civil liability"); Ellis v. City of San Diego, 176 F.3d

6    1183, 1189 (9th Cir. 1999) (concluding that 'sections of the California Penal Code...do not create

7    enforceable individual rights'). Unless there is a clear congressional intent to provide a civil

8    remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute. See

9    Federal Sav. & Loan Ins. Corp. v. Reeves, 816 F.2d 130, 138 (4th Cir. 1987) (holding that where

10   there is no affirmative indication that Congress intended to furnish a civil remedy, no civil cause

11   of action exists). Accordingly, Plaintiff's Federal Claim One (all counts), State Claim Thirteen,

12   State Claim Fourteen, State Claim Fifteen, and State Claim Sixteen are not cognizable and

13   amendment could not cure the defects.

14                    2.        Claim Arising from 42 USC § 1984

15                    In Federal Claim Two, Plaintiff requests preliminary and permanent injunctive

16   relief, citing 42 USC §§ 1983-1986. However, there is no cause of action[4] under 42 USC § 1984

17   See 42 U.S.C.S. § 1984 (LexisNexis, Lexis Advance through Public Law 119-34, approved

18   August 19, 2025). Therefore, no amendment could cure this claim.

19                    3.        Claims Arising from California Constitution Article I § 13

20                    Plaintiff alleges claims arising from California Constitution Article I, § 13 in

21   pendent state claims Three, Four, Five, and Eight. The California Supreme Court has not decided

22   whether there is a private cause of action for damages under this provision, nor have the

23   California appellate courts or the Ninth Circuit considered the issue. See Temple v. Placer Cnty.

24   Sheriff's Off., No. 2:23-cv-01713 DAD CKD, 2024 U.S. Dist. LEXIS 142096, 2024 WL

25   3742920, at *10 (E.D. Cal. Aug. 9, 2024). To determine whether a provision of the California

26

27   _____
     [4]      A portion of 42 USC §1984 was previously declared unconstitutional in U.S. v. Singleton,
28   109 U.S. 3 (1883), and the other portions were repealed in 1948. See 42 U.S.C.S. § 1984
     (LexisNexis, Lexis Advance through Public Law 119-34, approved August 19, 2025).

Constitution establishes a private right of action, courts engage in the two-step analysis set forth

by the <u>California Supreme Court in Katzberg v. Regents of the University of California</u>, 29 Cal.

4th 300, 317, 127 Cal. Rptr. 2d 482, 58 P.3d 339 (2002). The first consideration is whether "there

is evidence from which we may find or infer, within the constitutional provision at issue, an

affirmative intent either to authorize or to withhold a damages action to remedy a violation." <u>See</u>

<u>id.</u> If no such intent is found, the second step requires the court to "undertake the 'constitutional

tort' analysis adopted in <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388, 91 S.

Ct. 1999, 29 L. Ed. 2d 619 (1971), and its progeny." <u>Id.</u> Courts within this District have

conducted such analysis and found that the California Constitution Article I § 13 provides no

private cause of action for individuals. <u>See</u> <u>Estate of F.R. v. Cty. of Yuba</u>, No. 2:23-cv-00846

WBS CKD, 2023 LX 78368 (E.D. Cal. Sep. 19, 2023); <u>Lesher v. City of Anderson</u>, 763 F. Supp.

3d 1115 (E.D. Cal. 2025). Accordingly, Plaintiff's state claims Three, Four, Five, and Eight are

not cognizable and amendment could not cure such defect.

       **B.**    <u>**Curable Deficiencies**</u>

       Plaintiff names CHP Field Area No. 135 as a Defendant but the complaint fails to

establish the necessary causal link for a viable claim against such Defendant. Similarly, Plaintiff

asserts a claim against Doe. No. 1 and Defendant Wilburn arising from a May 7, 2018, court

proceeding but does not provide sufficient facts for the Court to discern a viable claim arising

from that proceeding. Plaintiff additionally asserts a theory of supervisory liability against

Defendants Ray and Baart but does not provide the causal link necessary to state a cognizable

claim. Next, Plaintiff asserts a Fifth Amendment Due Process Claim but does not allege any

federal action. Finally, Plaintiff asserts a Federal Claim Five for "negligent supervisory hiring,

supervision & retention," but does not provide facts to support such claim. Plaintiff will be

provided leave to amend as to each of these Defendants and claims.

       To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

connection or link between the actions of the named defendants and the alleged deprivations.  <u>See</u>

<u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  "A

person 'subjects' another to the deprivation of a constitutional right, within the meaning of

1    § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform

2    an act which he is legally required to do that causes the deprivation of which complaint is made."

3    Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Additionally, as discussed above, Rule 8

4    requires a complaint contain a short and plain statement of the claim such that defendants receive

5    fair notice of the plaintiff's claims.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

6                          1.    Claims Against Defendant CHP Field Area No. 135

7               Plaintiff's allegations arise from actions in Susanville, California and the

8    complaint fails to provide the necessary connection or link to assert claims against CHP Field

9    Area No. 135, which covers the City of Redding. It is unclear whether Defendant CHP Field Area

10   No. 135 has any connection to Plaintiff's claims. Therefore, Plaintiff will be provided leave to

11   amend as to this Defendant.

12                          2.    Dates that Incidents Occurred

13              Plaintiff asserts that Defendant Doe No. 1 and Wilburn violated Plaintiff's due

14   process rights in a court proceeding in Lassen County Superior Court on May 7, 2018. See ECF

15   No. 10, pgs. 97-98. However, the rest of Plaintiff's claims arise from an incident on December

16   15, 2020, which is more than two years after the alleged court proceeding. It is therefore unclear

17   how, and whether, the May 7, 2018, court proceeding connects to Plaintiff's allegations.

18   Additionally, within this claim, Plaintiff refers to a Superior Court order to show cause, a traffic

19   citation, a "void sale and fraud," but does not provide sufficient facts for the Court to discern

20   what the allegation is against Defendants Doe No. 1 and Wilburn arising from the May 7, 2018,

21   proceeding. Therefore, Plaintiff will be provided leave to amend as to the claims arising from the

22   May 7, 2018, proceeding.

23              When discussing the seizure of Plaintiff's vehicle, which Plaintiff asserts occurred

24   on December 15, 2020, Plaintiff asserts he attended an impound hearing on October 30, 2019,

25   where CHP officers "refused to release Plaintiff's vehicle." ECF No. 10, pg. 49. Therefore, it is

26   unclear if Plaintiff wrote the wrong date when describing the December 15, 2020, incident, or the

27   October 30, 2019, hearing, or if those incidents were unrelated. This confusion prevents a

28   defendant from receiving fair notice of the claims against them in violation of Rule 8. Therefore,

1    Plaintiff will be provided leave to amend as to the dates of these incidents.

2                    3.    Supervisory Liability

3           Supervisory personnel are generally not liable under § 1983 for the actions of their

4    employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no

5    respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional

6    violations of subordinates if the supervisor participated in or directed the violations.  See id.

7    Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation

8    of constitutional rights and the moving force behind a constitutional violation may be liable even

9    where such personnel do not overtly participate in the offensive act.  See Redman v. Cnty of San

10   Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).  A supervisory defendant may also be

11   liable where he or she knew of constitutional violations but failed to act to prevent them.  See

12   Taylor, 880 F.2d at 1045; see also Starr v. Baca, 633 F.3d 1191, 1209 (9th Cir. 2011).

13          When a defendant holds a supervisory position, the causal link between such

14   defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v.

15   Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

16   1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in

17   civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

18   Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the

19   official's own individual actions, has violated the constitution."  See Ashcroft v. Iqbal, 556 U.S.

20   662, 676 (2009).

21          Plaintiff names Defendants Ray and Baart, alleging supervisory liability. Plaintiff

22   does not provide sufficient facts to show a causal link between the allegations and Defendants

23   Ray and Baart. Further, Plaintiff fails to show that either Defendant knew of the alleged

24   constitutional violations and failed to prevent them. Plaintiff will be provided leave to amend as

25   to Defendants Ray and Baart.

26   / / /

27   / / /

28   / / /

10

1          4.      Fifth Amendment Due Process Claims

2          The Fifth Amendment ensures the protection of due process rights from

3   interference by the federal government. See Geneva Towers Tenants Org. v. Federated Mortg.

4   Inv'rs, 504 F.2d 483, 487 (9th Cir. 1974); see also Bingue v. Prunchak, 512 F.3d 1169, 1174

5   (9th Cir.2008). Though not listed in the initial page of the complaint as a cause of action,

6   throughout the complaint Plaintiff asserts violations of his Fifth Amendment right to due

7   process. However, Plaintiff does not allege any actions taken by the federal government and the

8   entire complaint arises from state and municipal action. Therefore, any claims alleging Fifth

9   Amendment violations are not cognizable. Plaintiff will be provided leave to amend as to Fifth

10  Amendment claims.

11          5.      Federal Claim Five

12         In the initial pages of the complaint, Plaintiff asserts Federal Claim Five as a

13  civil rights claim for violating Plaintiff's Fourteenth Amendment rights "for negligent

14  supervisory hiring, supervision & retention."  ECF No. 10, pg. 11. However, the rest of the

15  complaint does not appear to address this claim. It is noted that claims are numbered and named

16  differently within the complaint. This Court attempted to parse and organize the facts provided

17  in an effort to connect Plaintiff's allegations with Plaintiff's claims, as shown throughout this

18  Order. However, as to this claim, Plaintiff's pleading method does not satisfy the requirement of

19  Rule 8(a) that claims must be stated simply, concisely, and directly. Nor does the complaint

20  provide sufficient notice to defendants as to Plaintiff's allegations that underly Federal Claim

21  Five. Plaintiff will be provided leave to amend as to Federal Claim Five.

22      **C.      Cognizable Claims**

23         Plaintiff provides sufficient facts to assert cognizable federal and state claims, as

24  discussed below. Plaintiff contends that on December 15, 2020, Defendant Wilburn (CHP

25  Officer) and Defendant Avilla (Susanville Police Officer) unlawfully entered Plaintiff's property

26  and seized Plaintiff vehicles and equipment as part of a conspiracy with Defendant Phillips.

27  Plaintiff asserts that Defendants Wilburn and Avilla used the threat of force and threat of arrest to

28  effectuate Plaintiff's compliance with their directives. Plaintiff contends this conspiracy to

11

unlawfully seize and impound property is "wide spread" throughout Lassen County and such practice therefore amounts to an informal custom or policy of the governing municipalities City of Susanville, and Susanville Police Department. Further, Plaintiff contends that he spoke with Defendant Troxell on December 16, 2020, the day after his vehicle was taken, and Defendant Troxell "refused to release his vehicle." ECF No. 10, pg. 49.

### 1.    Federal Claims

Plaintiff asserts Claim Two citing 42 USC Sections 1983-1986. Claim Two (a), arising from Section 1985, and Claim Two (b), arising from Section 1986, are cognizable. This Court previously addressed any claims arising from Section 1984 as incurable. Plaintiff's Claim Two that asserts a Section 1983 claim arising from violations of Plaintiff's Fourth Amendment rights is subsumed within Plaintiff's Federal Claim Three.

As a preliminary matter, a cause of action under Section 1985 (conspiracy to interfere with Civil Rights) requires an underlying cognizable Section 1983 claim. Plaintiff asserts, as Claim Three, a cognizable Section 1983 claim against Defendants Wilburn, Avilla, Troxell, CHP Northern Division, CHP Field Area No. 140, City of Susanville, and Susanville Police Department. Plaintiff contends these actions were part of a conspiracy to violate his Fourth Amendment rights. Therefore, as to what Court will hereafter refer to as Claim Two (a), Plaintiff asserts a cognizable Section 1985 claim against Defendants Wilburn, Avilla, Troxell, Phillips, CHP Northern Division, CHP Field Area No. 140, City of Susanville, and Susanville Police Department. These allegations additionally provide the basis for Plaintiff's Claim 2 (b). Claim 2 (b) is a cognizable action under Section 1986 for neglecting to prevent a wrongful act, which claim is stated against Defendants Troxell, City of Susanville, and Susanville Police Department.

Plaintiff asserts the December 15, 2020, taking of Plaintiff's vehicle and equipment gives rise to Claim Four, a claim arising under Section 1983 for a violation of Plaintiff's Fourteenth Amendment due process rights. Plaintiff asserts a cognizable Claim Four against Defendants Wilburn, Avilla, Troxell, CHP Northern Division, CHP Field Area No. 140, City of Susanville, and Susanville Police Department.

/ / /

1              2.       State Claims

2                     As currently pled, Plaintiff provides sufficient facts to state cognizable state claims

3    as follows: Claim One (California Constitution Article I § 1, privacy), Claim Two (California

4    Constitution Article I § 1, invasion of privacy per se), Claim Six (BANE Civil Rights Act, Cal.

5    Civil Code § 51.1), Claim Seven (Ralph Civil Rights Act, Cal. Civil Code § 51.7),  Claim Nine

6    (Trespass to Real Property), Claim Ten (Trespass to Chattel), Claim Eleven (Unlawful

7    Conversion of Plaintiff's Property), and Claim Twelve (Negligence).

8           **D.    Motion for Electronic Filing**

9                     Pursuant to Eastern District of California Local Rule 133(b)(2), parties appearing

10   pro se must file documents in paper. Pro se litigants may request an exception to be permitted to

11   access the electronic filing. See Local Rule 133(b)(3).  Plaintiff filed a motion to request leave to

12   file electronically. See ECF No. 9. Plaintiff did not provide any explanation as to why receiving

13   and filing documents in paper is insufficient. Therefore, Plaintiff's motion to file electronically

14   will be denied, without prejudice.

15

16                              **III.  CONCLUSION**

17                    Because it is possible that some of the deficiencies identified in this order may be

18   cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of those

19   claims. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

20   informed that, as a general rule, an amended complaint supersedes the original complaint.  See

21   Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

22   amend, all claims alleged in the original complaint which are not alleged in the amended

23   complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

24   Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

25   Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

26   complete in itself without reference to any prior pleading.  See id.

27                    If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

28   conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

                                          13

1    <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

2    each named defendant is involved and must set forth some affirmative link or connection between

3    each defendant's actions and the claimed deprivation.  <u>See May v. Enomoto</u>, 633 F.2d 164, 167

4    (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

5                    Because some of the defects identified in this order cannot be cured by

6    amendment, Plaintiff is not entitled to leave to amend as to such claims.  Plaintiff, therefore, now

7    has the following choices: (1) Plaintiff may file an amended complaint which does not allege the

8    claims identified herein as incurable, in which case such claims will be deemed abandoned and

9    the Court will address the remaining claims; or (2) Plaintiff may file an amended complaint which

10   continues to allege claims identified as incurable, in which case the Court will issue findings and

11   recommendations that such claims be dismissed from this action, as well as such other orders

12   and/or findings and recommendations as may be necessary to address the remaining claims.

13                   Because the complaint appears to otherwise state cognizable claims, as described

14   herein, if no amended complaint is filed within the time allowed therefor, the Court will issue

15   findings and recommendations that deficient claims be dismissed as well as such further orders as

16   are necessary for service of process as to the cognizable claims.

17                   Accordingly, IT IS HEREBY ORDERED that:

18              1.      Plaintiff's motion to file electronically, ECF No. 9, is DENIED without

19                      prejudice;

20              2.      Plaintiff's second amended complaint, ECF No. 10, is dismissed with leave

21                      to amend; and

22              3.      Plaintiff shall file a third amended complaint within 30 days of the date of

23                      service of this order.

24   Dated:  September 22, 2025

25                                              _____
                                               DENNIS M. COTA
26                                             UNITED STATES MAGISTRATE JUDGE

27

28

                                                   14