IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM M. TEZAK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT WILBURN, et al.,<br><br>　　　　　Defendants. | No. 2:22-CV-02219-TLN-DMC<br><br><br>ORDER |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court are Plaintiff's motion for 60-day extension of time and motion for reconsideration. See ECF Nos. 12 and 13.

As a preliminary matter, the undersigned will grant Plaintiff's motion for a 60-day extension of time to file a third amended complaint. As to Plaintiff's motion for reconsideration, given the Court provided Plaintiff leave to amend, the Court has already provided the relief Plaintiff seeks. Therefore, the undersigned will deny Plaintiff's motion.

In the motion for reconsideration, Plaintiff raises a number of issues largely related to the claims this Court found to be incurable in ECF No. 11. See ECF No. 13. Plaintiff asserts that the Court improperly dismissed Claims One, Two, Three, Four, Five, and Eight and incurable and argues he should, at minimum, have an opportunity to amend such claims. See id. at 4. As to

1

1  Claim One, Plaintiff contends that the Court erred by mischaracterizing Plaintiff's request for
2  declaratory relief as seeking criminal prosecution. See id. The Court notes that it stated in the
3  screening order "to the extent Plaintiff seeks to hold Defendants liable for alleged criminal acts,
4  Plaintiff is advised no private right of action to assert violations of criminal statutes exists." ECF
5  No. 11, pg. 7. Plaintiff was provided leave to amend. See generally ECF No. 11. Thus, Plaintiff
6  can file an amended complaint and clearly assert his claims as seeking declaratory relief, rather
7  than seeking criminal action.
8         As to Claims Two, the Court dismissed a portion of Plaintiff's Claim Two because
9  Plaintiff cited as the cause of action for that claim 42 USC §§ 1983-1986. The Court informed
10 Plaintiff that there is no cause of action under 42 USC § 1984. See ECF No. 11, pg. 7. However,
11 the Court did not dismiss this claim as incurable as to the other sections Plaintiff cited. Plaintiff
12 asserts he would like the opportunity to make such claim curable by "citing the proper statute."
13 ECF NO. 13, pg. 4. Again, Plaintiff was provided leave to amend and therefore, has the
14 opportunity to "cite[] the proper statute" for Claim Two in an amended complaint.
15        As to Claims Three, Four, Five and Eight, it appears Plaintiff is referring to
16 pendent state Claims Three, Four, Five and Eight. The Court dismissed those claims as incurable
17 because "Courts within this District have conducted [the analysis to determine whether a
18 provision of the California Constitution establishes a private right of action] and found that the
19 California Constitution Article I § 13 provides no private cause of action for individuals. See
20 Estate of F.R. v. Cty. of Yuba, No. 2:23-cv-00846 WBS CKD, 2023 LX 78368 (E.D. Cal. Sep.
21 19, 2023); Lesher v. City of Anderson, 763 F. Supp. 3d 1115 (E.D. Cal. 2025)." ECF No. 11, pg.
22 8. As to these state claims, Plaintiff asserts that the Court "mischaracterizes his claim as
23 incurable. Plaintiff's claim is curable as to his error in not citing the proper statute to make it
24 cognizable." The Court agrees that Plaintiff should have the opportunity to cure his claim by
25 citing the proper statute. The Court informed Plaintiff no cause of action existed under the
26 California Constitution Article I, § 13 and provided Plaintiff leave to file a third amended
27 complaint. Thus, Plaintiff may use such opportunity to "cite the proper statute to make [those
28 claims] cognizable."

1           Finally, Plaintiff asserts that "denial of electronic filing access is contrary to Ninth
2   Circuit policy favoring pro se accommodation." ECF No. 13, pg. 4. However, it is within the
3   discretion of the assigned Judge or Magistrate Judge to allow pro se litigants to file electronically
4   and such request must provide "an explanation of reasons for the exception." Local Rule 133
5   (b)(3). Here, Plaintiff informed the Court that he understands the CM/ECF system, has experience
6   with electronic filing, and agrees to comply with the rules of electronic filing. See ECF No. 9.
7   The Court did not find that familiarity with the system was a sufficient reason to grant Plaintiff
8   the exception. See ECF No. 11. The Court notes that the request was denied without prejudice
9   and therefore, Plaintiff may file a new motion to file electronically and provide the Court a basis
10  for granting Plaintiff such exception in accordance with Local Rule 133 (b)(3).

11          Plaintiff has the opportunity to file an amended complaint to cure the deficiencies
12  he seeks to cure and can file a new motion to file electronically because such motion was denied
13  without prejudice. Thus, Plaintiff has the relief he seeks, and the undersigned will therefore order
14  Plaintiff's motion for reconsideration be denied.

15          Accordingly, IT IS HEREBY ORDERED that:
16      1.  Plaintiff's motion for extension of time, ECF No. 12, is GRANTED;
17      2.  Plaintiff's motion for reconsideration, ECF No. 13, is DENIED; and
18      3.  Plaintiff shall file a third amended complaint within 60 days of the date of
19          service of this order.

Dated:  October 28, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3