IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM M. TEZAK,

Plaintiff,

v.

ROBERT WILBURN, et al.,

Defendants.

No.  2:22-CV-02219-TLN-DMC

ORDER

Plaintiff, who is proceeding pro se, brings this civil action.  On September 22, 2025, the Court directed Plaintiff to file an amended complaint within 30 days. See ECF No. 11. Plaintiff requested a 60-day extension, ECF No. 12, which the Court granted on October 29, 2025. See ECF No. 14.  Over 60 days elapsed, and Plaintiff failed to file a third amended complaint. Thus, on February 2, 2026, the undersigned issued findings and recommendations recommending dismissal for lack of prosecution and Plaintiff's failure to comply with court rules and orders to file a third amended complaint.

On February 17, 2026, Plaintiff filed objections to the findings and recommendations, asserting that the Court improperly dismissed this action at the pleading stage without notice or opportunity for amendment. See ECF No. 17. Plaintiff additionally contends that his motion for reconsideration was improperly denied where Plaintiff "sought restoration of declaratory relief." Id. at 22. Plaintiff repeatedly states that he "did not abandon the action,

1

disobey a court order, or engage in dilatory conduct." Id.

As to Plaintiff's motion for reconsideration, such motion was denied as moot because Plaintiff was already afforded the relief he sought – opportunity to amend his complaint to pursue declaratory relief.  In the Court's October 29, 2025, order the Court stated:

> Plaintiff contends that the Court erred by mischaracterizing Plaintiff's request for declaratory relief as seeking criminal prosecution. See id. The Court notes that it stated in the screening order "to the extent Plaintiff seeks to hold Defendants liable for alleged criminal acts, Plaintiff is advised no private right of action to assert violations of criminal statutes exists." ECF No. 11, pg. 7. Plaintiff was provided leave to amend. See generally ECF No. 11. Thus, Plaintiff can file an amended complaint and clearly assert his claims as seeking declaratory relief, rather than seeking criminal action.

ECF No. 14, pg. 2.

Thus, the Court explicitly told Plaintiff he had the opportunity to file an amended complaint and seek declaratory relief in the October 29, 2025, order, ECF No. 14.

In that October 29, 2025, order, the Court provided Plaintiff with a 60-day extension to file a third amended complaint. However, 96 days later, Plaintiff had still not filed an amended complaint, a motion seeking further extension, nor a filing to inform the Court he wanted to proceed on the second amended complaint, as Plaintiff indicates may be his intention in Plaintiff's objections. Thus, on February 2, 2026, the undersigned issued findings and recommendations recommending the action be dismissed, because Plaintiff had not filed an amended complaint, which Plaintiff requested to do, ECF No. 13, within the time provided. See ECF No. 16. Further, because Plaintiff had not filed anything in 96 days, it did appear Plaintiff had abandoned the action.

In Plaintiff's objections to the findings and recommendations, Plaintiff indicates that he does intend to pursue this action and would like the opportunity to amend his complaint or proceed on the second amended complaint. Thus, the Court will vacate the findings and recommendations and provide Plaintiff with 60 days to file a third amended complaint or inform the Court he would like action to proceed with the second amended complaint. Plaintiff is warned that failure to comply may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110.

Accordingly, it is HEREBY ORDERED that:

1.      The Findings and Recommendations issued February 2, 2026, ECF No. 16, are VACATED;

2.      Plaintiff shall have 60 days from the date of this order to file a third amended complaint or inform the Court that Plaintiff would like the action to proceed with his second amended complaint.

Dated: February 23, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3